[No. 2,911.]

## PRESLEY W. COHEN *v.* GEO. F. SHARP.

CANCELING VOID DEED.—A Court of equity will not interfere to cancel a deed upon the ground that it operates as a cloud upon the complainant's title, when the deed is void on its face or the result of proceedings void upon their face, and requiring no extrinsic evidence to disclose their illegality.

IDEM—IMMATERIAL CIRCUMSTANCES.—The circumstances that the plaintiff is an infant in present need of money, and that the lot is covered with water and not now productive, do not aid in giving a Court of equity jurisdiction to remove a cloud on title.

ATTACK UPON DEED MADE UNDER DEFECTIVE POWER OF ATTORNEY.— Where a party applies to a Court of equity to cancel a deed made by an attorney in fact, under a power of attorney which did not authorize the conveyance, he may set out the power in his complaint and take the judgment of the Court as to whether it did authorize the conveyance or not.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Morgan & Hydenfeldt,* for Appellant, cited *Shattuck* v. *Carson,* 2 Cal. 588; *Hager* v. *Shindler,* 29 Cal. 47; *Petit* v. *Shepherd,* 5 Paige. 493; *Ward* v. *Ward,* 2 Hayw. 226; *Hamilton* v. *Cummins,* 1 Johns. Ch. 517 ; *Pixley* v. *Huggins,* 15 Cal. 127.

*G. F. & W. H. Sharp,* for Respondent, cited *Pixley* v. *Huggins,* 15 Cal. 127 ; *Cox* v. *Clift,* 2 N. Y. 122 ; *Ward* v. *Dewey,* 16 N. Y. 522 ; *Crooke* v. *Andrews,* 40 N. Y. 548 ; *Teirsoll* v. *Elliott,* 6 Pet. 95.

By the Court, BELCHER, J.:

This is an action to remove a cloud upon the plaintiff's title to a lot in the City of San Francisco.

The complaint alleges ownership of the lot in the plaintiff, and that the defendant claims an estate or interest therein adverse to the plaintiff, under a deed made by an attorney in fact of the plaintiff's grantor. The power of attorney under which the deed was made is not set out, but it is alleged that it in no way authorized the conveyance of any land, and that the deed is absolutely void.

It is also alleged that the lot is covered with water, and that it will require a long time and a large expenditure of money to fill it in and render it fit for use and occupation; that the plaintiff is an infant of tender years, and is without means to defray the expenses of filling in and improving the property or of paying the taxes thereon; that his necessities require that the property be sold and the proceeds invested for his education and support, but that his guardian, after having obtained from the proper Court an order for that purpose, has been unable to sell it on account of the supposed cloud upon the title.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained and judgment rendered for the defendant.

The rule is well settled here, and elsewhere, that a Court of equity will not interfere to cancel a deed upon the ground that it operates as a cloud upon the complainant's title, when the deed is void upon its face or the result of proceedings void upon their face, and requiring no extrinsic evidence to disclose their illegality. (*Pixley* v. *Huggins*, 15 Cal. 127 ; *Cox* v. *Clift*, 2 N. Y. 122 ; *Ward* v. *Dewey*, 16 N. Y. 522 ; *Crooke* v. *Andrews*, 40 N. Y. 548.) In the last named case the Court say : "But to constitute a cloud which the Court

will interfere to remove, it must appear by the complaint that it is prejudicial, and that involves the existence of some reason to apprehend injury, or that it is set on foot and relied upon to the prejudice of the title. Where, therefore, the so-called cloud or adverse claim has not even the appearance of validity or substance, as where it appears on the face of the very documents or proceedings upon which the alleged claimant must rely, and which he must produce, that there is no legal validity in the claim, there is no ground for invoking the aid of a Court, for there is, in truth, no injury and no ground for apprehension of injury."

It is apparent that the case made by the complaint is fully within the rule stated. The circumstance that the plaintiff is an infant in present need of money, and that the lot is covered with water and not now productive, does not seem to be material to the question. An adult owning the lot might be just as necessitous, and just as unable to fill in and improve the property. Jurisdiction in this class of cases is never exercised in one's favor because he is poor or an infant, nor denied because he is rich or an adult. Is there a legal cloud upon the title ? is the only question. If there is, it will be removed; and if not, the Courts refuse to interfere.

In *Peirsoll* v. *Elliot*, 6 Peters, 95, the object of the bill was to quiet the title to certain real property by removing a cloud hanging over it in consequence of an outstanding deed which was void upon its face. The Court below dismissed the bill generally, but the Supreme Court, by MARSHALL, C. J., directed the decree to be so modified as to show the reason for the dismissal.

In this case the plaintiff might have set out the power of attorney in his complaint, and then have taken the judgment of the Court as to whether it did or did not authorize the execution of the deed under which the defendant claims.

This would have effected substantially the end for which the action was brought.

Judgment affirmed.