# HOPKINS ET AL. *v.* WALKER ET AL.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MONTANA.

No. 234. . Submitted October 18, 1915.—Decided June 11, 1917.

A case arises under the laws of the United States where an appropriate statement of the plaintiff's cause of action, unaided by any anticipation or avoidance of defenses, discloses that it really and substantially involves a controversy respecting the validity, construction or effect of a law of Congress.

A substantial controversy respecting the construction and effect of the mining laws is presented by a case in which the plaintiff sets up title under a placer patent, alleging that the *locus in quo* was not known to contain lodes when the patent was applied for and was so adjudged against strangers to the suit who adversed the application, and in which the defendants, notwithstanding such judgments, claim the same ground under other lode locations made after the patent and embracing claims of the width of 600 feet, while plaintiff contends 25 feet would be the maximum if the ground remained subject to lode location.

In a suit to remove a particular cloud from the plaintiff's title, the facts showing that title and the existence and invalidity of the instrument or record sought to be eliminated as a cloud are essential parts of the plaintiff's cause of action and must be alleged in the bill.

The rule is the same in respect of suits to remove clouds under § 6115 of the Montana Codes of 1907, as distinguished from suits to quiet title under § 6870.

Recorded certificates of location are the first muniment of the locator's paper title and, when verified, are, in Montana, made *prima facie* evidence of all facts properly recited in them (Codes 1907, §§ 2284, 2285); and so, when apparently valid but actually, under the mining laws, invalid, they may becloud the title injuriously.

Reversed.

THE case is stated in the opinion.

*Mr. L. O. Evans, Mr. W. B. Rodgers, Mr. D. Gay Stivers,*

*Mr. D. M. Kelly, Mr. J. L. Templeman, Mr. John A. Shelton* and *Mr. H. C. Hopkins* for appellants.

*Mr. Thomas J. Walsh* for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a direct appeal under § 238, Jud. Code, from a decree dismissing a suit in equity for want of jurisdiction, the question for decision now being whether the case presented by the bill is one arising under the laws of the United States.

With considerable detail the bill alleges that the plaintiffs are the owners of a placer mining claim in Montana for which a United States patent was issued to their predecessors in interest in 1895; that they and their predecessors have been the owners and in actual possession for more than twenty years; that at the time of the application for the patent no mineral-bearing vein or lode was known to exist within the boundaries of this placer claim; that prior to its location two lode locations were made or attempted to be made covering part of it, and while the application for the patent was pending the lode claimants conformed to the mining laws of the United States by filing adverse claims in the local land office and bringing suits to establish them in a court of competent jurisdiction; that the placer claimants prevailed in those suits and certified copies of the judgments were duly filed in the local land office; that further proceedings were then had in the Land Department resulting in the issue of a patent to the placer claimants according to those judgments; and that under the mining laws this passed to the plaintiffs' predecessors a full title to all land and all minerals within the boundaries of the placer claim.

The bill further alleges that notwithstanding the

absence of any known vein or lode within the boundaries of the placer claim at the time of the application for the patent, notwithstanding the judgments in favor of the placer claimants in the two adverse suits and notwithstanding the issue of the patent, several persons claim to have made lode locations at different times from 1900 to 1913 upon part of the placer claim—the part covered by the two earlier lode locations which were unsuccessfully asserted in the adverse suits—and have caused certificates of the location of these later lode claims to be recorded in the office of the clerk of the county wherein the land lies; that these certificates contain declarations and recitals tending to support the lode claims to which they refer— there are nine—and give the length of each claim as 1500 feet and its width as 600 feet; that these lode claims and the certificates were made upon the mistaken theory that under the mining laws the placer patent is wholly invalid as to the ground covered by the two earlier lode claims, and, if this be not so, that the ground in controversy was known at the time of the application for the patent to contain valuable mineral-bearing veins or lodes and therefore, under the mining laws, was excepted from the patent and remained subject to location as lode claims; that, even if there were known mineral-bearing veins or lodes within the placer claim at the time of the application for the patent, no subsequent location of any such vein or lode could be made, under the mining laws, to embrace more than twenty-five feet of the surface on each side of it; that the defendants are claiming the ground in controversy under the later lode claims and the certificates before described; that for the reasons indicated these locations and certificates are invalid and the certificates, as recorded, constitute clouds upon the plaintiffs' title and reduce its market value; and that the determination of the plaintiffs' rights requires a construction of the mining laws under which the proceedings resulting in the patent were had

and a decision of what, according to those laws, passed by the patent and what, if anything, was excepted and remained open to location.

There is also an allegation that the suit is one arising under the laws of the United States and the matter in dispute exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, but there is no allegation of diverse citizenship. The prayer is that the cloud caused by the recording of the certificates of location be removed and the title of the plaintiffs quieted.

It is conceded that the plaintiffs, being in possession, have no remedy at law and that their remedy, if any, is in equity. Our concern is not with this, but with the question whether the case is one arising under the laws of the United States. A case does so arise where an appropriate statement of the plaintiff's cause of action, unaided by any anticipation or avoidance of defenses, discloses that it really and substantially involves a dispute or controversy respecting the validity, construction or effect of a law of Congress. *Boston &c. Mining Co.* v. *Montana Ore Co.*, 188 U. S. 632; *Shulthis* v. *McDougal*, 225 U. S. 561, 569; *Denver* v. *New York Trust Co.*, 229 U. S. 123, 133; *Taylor* v. *Anderson*, 234 U. S. 74. Assuming that the allegations of the bill concerning the nature and validity of the plaintiffs' title and the existence, invalidity and recording of the defendants' certificates of location constitute a part of the plaintiffs' cause of action, it is plain that a controversy respecting the construction and effect of the mining laws is involved and is sufficiently real and substantial to bring the case within the jurisdiction of the District Court. This is practically conceded in the brief for the defendants which says: "The controversy arises by reason of the peculiar provisions of the law [Rev. Stats., § 2333] under which one is permitted to enter upon lands patented as a placer claim and to locate within such claim a lode or lodes known to exist at the time of filing the

application for the placer patent." But it is insisted that the allegations concerning the existence, invalidity and recording of the defendants' certificates of location form no part of the plaintiffs' cause of action and so, for present purposes, must be disregarded. To this we cannot assent.

In both form and substance the bill is one to remove a particular cloud from the plaintiffs' title, as much so as if the purpose were to have a tax deed, a lease or a mortgage adjudged invalid and cancelled. It hardly requires statement that in such cases the facts showing the plaintiff's title and the existence and invalidity of the instrument or record sought to be eliminated as a cloud upon the title are essential parts of the plaintiff's cause of action. Full recognition of this is found in the decisions of this and other courts. *Wilson Cypress Co.* v. *Del Pozo*, 236 U. S. 635, 643–644; *Lancaster* v. *Kathleen Oil Co.*, 241 U. S. 551, 554–555; *Walton* v. *Perkins*, 28 Minnesota, 413; *Wals* v. *Grosvenor*, 31 Wisconsin, 681; *Teal* v. *Collins*, 9 Oregon, 89; *Sheets* v. *Prosser*, 16 N. Dak. 180, 183.

If we turn to the statutes and decisions in Montana relating to the right to maintain such suits, we find that the same rule is recognized there. Two statutes may be noticed. Both were copied from the laws of California and are found in the Montana Codes of 1907. One, § 6115, provides for the cancellation of an instrument, apparently valid but actually invalid, where there is reason to apprehend that, if not cancelled, it may prove injurious to the plaintiff. The other, § 6870, permits a suit to quiet title against an adverse claimant in the absence of conditions which formerly were deemed essential. In California suits under the former are referred to as suits to remove clouds from title while those under the latter are called suits to quiet title. The two sections are there regarded as different in both substance and purpose—the former as putting in statutory form and preserving "an old and well settled rule of equity" and the latter as greatly

liberalizing and enlarging another old rule. Of the former, it is said that it "is aimed at a particular instrument, or piece of evidence, which is dangerous to the plaintiff's rights," and that "there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated." *Castro* v. *Barry,* 79 California, 443; *Hibernia Society* v. *Ordway,* 38 California, 679. The Supreme Court of Montana follows the California decisions, quotes approvingly from them and holds in respect of suits to remove clouds from title that "the complaint must disclose the facts necessary to show that, but for the interposition of the court, the plaintiff may suffer injury." *Hicks* v. *Rupp,* 49 Montana, 40, 44–45; *Merk* v. *Bowery Mining Co.,* 31 Montana, 298, 309.

Thus whether we apply the general rule or the Montana rule, it is manifest that the allegations of the bill which it is insisted must be disregarded are material parts of the plaintiffs' cause of action, that is to say, they are important elements of the asserted right to have the recording of the certificates cancelled as a cloud upon the title.

Recorded certificates of location constitute the first muniment of the locator's paper title, Lindley on Mines, 3rd ed., § 379, and when verified, as in the case here, are, in Montana, made *prima facie* evidence of all facts properly recited in them. Codes 1907, §§ 2284, 2285. So, when they are apparently valid, but under the mining laws are actually invalid, as is asserted here, they may becloud the title injuriously.

We are accordingly of opinion that the bill states a case arising under the mining laws of the United States and of which the District Court is given jurisdiction.

*Decree reversed.*