## COLQUITT et al. v. ROXANA PETROLEUM CORPORATION et al.[*]

### No. 5676.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1931.

*Rehearing denied July 7, 1931.

James Cornell, of San Angelo, Tex., W. A. Keeling, of Austin, Tex., J. G. McGrady, of El Paso, Tex., L. W. Elliott, of Sonora, Tex., T. W. Gregory, of Houston, Tex., and Brian Montague, of Del Rio, Tex. (Le Grand J. Woods, of San Angelo, Tex., on the brief), for appellants.

Chas. A. Holden and J. H. Maxey, both of Tulsa, Okl., Guy A. Thompson and W. K. Koerner, both of St. Louis, Mo., Henry G. Russell, of Pecos, Tex., Esmond Phelps, of New Orleans, La., Truman Post Young and John M. Holmes, both of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., and Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellees.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

FOSTER, Circuit Judge.

Appellee filed a bill in equity to remove a cloud on its title to certain oil and gas leases, to quiet its title thereto, and to enjoin future interference therewith. From a decree granting the relief prayed for this appeal is prosecuted. The contentions of the parties and the facts are extensively reviewed in the opinion of the District Court. Roxana Petroleum Corporation v. Colquitt, 34 F.(2d) 470. We refer to that opinion with approval and very little in addition need be said.

Briefly stated, it appears that Mrs. M. A. Smith, widow of John Monroe, was the owner of a considerable tract of land in Pecos county, Tex., over 21,000 acres, known as the Monroe ranch. She was married to Smith in July, 1917, and thereafter she made oil and gas leases of a large part of the property including those after acquired by appellee. In proceedings in a state court her children alleged that she was insane when she made the conveyances of her land and prayed for the setting aside of the conveyances. Colquitt was appointed receiver of Mrs. Smith's property by the state court and he brought some seventy-odd suits to set aside various conveyances made by her. He did not bring suit against appellee. However, a notice of lis

pendens was recorded, as were also two powers of attorney to James Cornell, authorizing him to bring such suits, to compromise claims, and execute new leases. A number of settlements were made in these suits.

In the case at bar a special master was appointed and in due course he filed his report, finding that Mrs. Smith was not non compos mentis at the time the various conveyances were made and that appellee had good and valid title to the leases in question. After a hearing on this report the District Court affirmed the master. The report of the master is supported by the evidence in the record and, having been affirmed by the District Court, must be given effect. Mason v. United States, 260 U. S. 545, 43 S. Ct. 200, 67 L. Ed. 396.

There is no doubt that the proceedings in the state court, coupled with the filing of record of the notice of lis pendens and powers of attorney, constitute a cloud upon appellee's title, seriously affecting its merchantable character, and the District Court had jurisdiction in equity to grant relief. Sharon v. Tucker, 144 U. S. 533, 12 S. Ct. 720, 36 L. Ed. 532; Blair v. City of Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801; Hopkins v. Walker, 244 U. S. 486, 37 S. Ct. 711; 61 L. Ed. 1270. Other decisions to the same effect might be cited, but it is unnecessary to do so.

The record presents no reversible error.

Affirmed.