**MARSHALL et al. v. DESERT PROPER-TIES CO. et al.**

No. 9076.

Circuit Court of Appeals, Ninth Circuit.

April 28, 1939.

George R. Wickham, of Los Angeles, Cal., for appellants.

Harry H. Parsons, of San Bernardino, Cal. (Holcomb, Holcomb & Kempley, of Los Angeles, Cal., of counsel); for appellees.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Southern District of California, Central Division, dismissing plaintiffs' amended bill of complaint as not containing allegations raising a Federal question.

The bill contains allegations that the action arises under the laws of the United States, Title XXXII, Chapter 6, section 2318 et seq., Revised Statutes of the United States, known generally as the United States Mining Laws, 30 U.S.C.A. § 21 et seq.; that pursuant to said laws plaintiffs duly made and located and filed for record in 1934 certain placer claims

described in the bill; that said claims were located on public lands of the United States open to mineral entry and location under said mining laws'; that the defendants made certain purported mining locations covering substantially the same property in 1921 and 1922; and that defendants' mining claims are invalid and constitute clouds on plaintiffs' title in that pursuant to the United States Mining Laws a single locator of a placer mining claim is limited to 20 acres for each claim so made and located and that each of the defendants sought to embrace in his claim much more than that amount. The bill prays that the defendants' purported claims be adjudged to be invalid.

It is urged by the plaintiff appellants that a determination of their rights requires a construction of the United States Mining Laws under which the defendants' purported mining locations were made, and a decision as to what, according to such laws, passed to the defendant locators.

■ Defendants contend that the allegations of the bill setting up the nature of the defendants' claim and the alleged invalidity thereof are surplusage, and cannot be used as a basis for conferring jurisdiction on the Federal courts. We agree that if these allegations are not necessary to plaintiffs' cause of action, they cannot be considered in determining the question of the jurisdiction of the Federal court. Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218; Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70.

■ Plaintiffs rely largely on the case of Hopkins v. Walker, 244 U.S. 486, 37 S. Ct. 711, 61 L.Ed. 1270, wherein the Supreme Court held that the allegations of the bill in a suit by the owners of a placer mining claim to cancel the record of certain lode location certificates as a cloud on plaintiffs' title, were essential parts of the cause of action. We do not think that the Hopkins case is controlling. The Court in that case drew a distinction between an action to quiet title and an action to remove a specific cloud, and held that in the latter type of action the facts showing the plaintiffs' title and the existence and invalidity of the instrument or record sought to be eliminated as a cloud upon the title are essentials of the plaintiffs' cause of action. The Court pointed out that the mining locations were apparently valid, but alleged to be actually invalid. This is

necessarily so in an action to remove a cloud. The Courts have uniformly held that an instrument which is void upon its face or the result of proceedings void upon their face cannot cast a cloud upon the title of the owner of land, and a court of equity will not interfere to cancel the same on the ground that it operates as a cloud upon the complainants' title. Russ & Sons Co. v. Crichton, 117 Cal. 695, 49 P. 1043; Cohen v. Sharp, 44 Cal. 29; Pixley v. Huggins, 15 Cal. 127. In the instant case by the plaintiffs' own pleading they show the invalidity of the defendants' mining claims on their face. We think that the action cannot be considered as an action to remove a specific cloud, but must be regarded as an action to quiet title. It is well settled that in an action to quiet title (except in the case of fraud, which is not alleged here) it is not necessary for the plaintiff to do more than allege his own title and that the defendant claims adversely to him. The nature of the adverse claim, and source and manner from and in which it originated, are immaterial. California Oil & Gas Co. v. Miller, C.C., 96 F. 12; Castro v. Barry, 79 Cal. 443, 21 P. 946; Hyatt v. Colkins, 174 Cal. 580, 163 P. 1007.

■ Plaintiffs' argument that to determine the validity of the defendants' purported claims requires a construction of the United States Mining Laws is not persuasive. It is well settled that a suit to enforce a right which takes its origin in the laws of the United States is not necessarily, for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such law, upon the determination of which the result depends. Gully v. First National Bank, supra. As said by the Supreme Court in Cook County v. Calumet, etc. Canal Co., 138 U.S. 635, 11 S.Ct. 435, 440, 34 L.Ed. 1110, "The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority every time an act done by such authority is disputed".

■■ Where there is no dispute between the parties as to the meaning of any Federal law, but the case involves merely issues of fact, the case is not one arising under the constitution or a law or treaty of the United Statees, although the respec-

tive interests or titles of the parties may be derived through such constitution, law, or treaty. California Oil & Gas Co. v. Miller, supra. We do not think that there is a substantial dispute between the parties as to the meaning of the Mining Law involved.

The judgment of the District Court is affirmed.

### Petition for Injunction.

PER CURIAM.

Petition for injunction in above entitled cause submitted for decision coincident with the submission of appeal therein is denied and the order to show cause is discharged. See opinion of this court sustaining the trial court's dismissal of the cause this day filed.