## TER HAAR v. KETTLEMAN NORTH DOME ASS'N.

### No. 70.

District Court, S. D. California, N. D.

Sept. 20, 1940.

Chandler & Wright, of Los Angeles, Cal., for plaintiff.

George W. Nilsson, of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The plaintiff instituted an action in the Superior Court of California, County of Fresno, seeking an injunction against the defendant for alleged trespass through oil development and extraction operations, upon property in the County of Fresno, ownership of which the plaintiff claimed by virtue of a homestead entry which later ripened into a patent from the United States Government.

On petition for removal, the cause was removed to this court. The plaintiff has moved to remand.

■ I am of the view that the action was properly removed to this court, as arising "under the * * * laws of the United States". 28 U.S.C.A. § 41(1).

■ Granted that unnecessary allegations in a plaintiff's complaint, anticipatory of defenses, cannot be considered in determining whether the question is one within the jurisdiction of the District Court (Marshall v. Desert Properties Co., 9 Cir., 1939, 103 F.2d 551), averments which are a part of the plaintiff's claim, and which show a dispute or controversy relating to the construction or effect of federal statutes, cannot be disregarded.

Had the plaintiff cast his claim in the form of a general allegation of ownership and a charge of trespass, his complaint would not have disclosed a controversy within the jurisdiction of the District Court. But he has not done so. Instead, he has set forth his title to the land in controversy through a patent from the United States Government. Act of July 17, 1914, 30 U.S.C.A. §§ 121–123. He has alleged, and the patent attached to the complaint shows, that mineral rights were reserved to the United States "together with the right to prospect for, mine and remove the same, pursuant to the provisions and limitations of the Act of December 29, 1916. (39 Stats. 862, 43 U.S.C.A. §§ 291–301.)"

Having set forth this reservation, plaintiff was compelled to negative it by showing that the defendants had been guilty of acts which did not come within this reservation. He did this by stating that the defendants are operating under an oil and gas prospecting permit, and a lease from the United States of America "to the subsurface rights under the provisions of said 1920 Leasing Act," under which the drilling operations on plaintiff's homestead are conducted. Leasing Act of February 25, 1920, 41 Stats. 437, 30 U.S.C.A. §§ 22, 48, 181 et seq.

Realizing that one operating under an oil and gas prospecting permit and a lease from the United States of America could not be guilty of trespass upon lands, the subsurface mineral rights of which had been reserved in the United States, the complaint charges that the defendants entered upon his premises and erected on it certain structures, without paying him damages or giving him a bond and "without otherwise complying with said Act of July 17, 1914."

These allegations are essential to the plaintiff's claim for relief. See Hopkins v. Walker, 1917, 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270. Without them, his complaint would not "state a claim upon which relief can be granted". Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. For, given the reservation in the patent, the lease of reserved subsurface rights by the government, and the right "to prospect for, mine and remove minerals, pursuant to the provisions and limitations of the Act of December 29, 1916", specifically granted by the patent, the defendants could not be guilty of an act of trespass, unless their operations relating to subsurface minerals violated the legal restrictions imposed upon them by Federal law.

The nub of the whole matter is this:

Grant that we may disregard the general allegations in the complaint that the defendants "have no right" under their lease from the United States Government or the Leasing Act of February 25, 1920, or the provisions of the Act of July 17, 1914, nevertheless, the plaintiff, by particularizing the source of the defendant's claim of right to enter upon the premises, and the basis upon which the plaintiff asserts a wrongful invasion of his rights of ownership under the patent, has shown that the determination of these matters depends upon the meaning and effect of laws of the United States, noncompliance with which, alone, gives the plaintiff any right whatsoever. This discloses clearly a case arising under the laws of the United States. Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; see Allen v. Clark, D.C.Cal., 1938, 22 F.Supp. 898.

It follows that the action was properly removed to this court.

The motion to remand will, therefore, be denied.