## JAKUBOWSKI v. CENTRAL R. CO. OF NEW JERSEY.

United States District Court,
S. D. New York
Jan. 27, 1950.

Samuel M. Cole, New York City, Attorney for Plaintiff.

John J. McElhinny, New York City, Attorney for Defendant.

IRVING R. KAUFMAN, District Judge.

The defendant has made a motion for judgment on the pleadings and for an order dismissing the complaint on the ground that it fails to state a claim upon which relief can be granted and that the Court does not have jurisdiction over the subject matter of the action.

The action is brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, its agents, servants and employees.

Plaintiff alleges that he was an employee of defendant Central Railroad Company of New Jersey. If plaintiff was in fact an employee of defendant at the time of the injury, there is no jurisdictional question, since this would be a properly brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60.

Liability under that Act is based upon an employee-employer relationship. Sec. 51; Hull v. Philadelphia & Reading R. Co., 1920, 252 U.S. 475, 40 S.Ct. 358, 64 L.Ed. 670. See Cimorelli v. New York Central R. R. Co., 6 Cir., 1945, 148 F.2d 575, 577. It appears that from October 30, 1939 to August 30, 1949, the Central Railroad Company of New Jersey was in reorganization and was operated by a Trustee, one Walter P. Gardner. The complaint alleges that the injury to plaintiff occurred on or about August 13, 1947, at which time the Trustee was operating the railroad. The title and right to possession of all property owned and possessed by the bankrupt vests in the Trustee. Isaacs, Trustee v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Therefore the defendant railroad company cannot be held liable as employer under the Federal Employers' Liability Act for the negligence of the employees of its trustee in reorganization. Detwiler v. Chicago, R. I. & P. Ry. Co., D.C.Minn.1936, 15 F.Supp. 541; cf. Dugan v. Gardner, D.C.S.D.N.Y.1946, 68 F.Supp. 709. Consequently jurisdiction cannot be predicated upon that Act.

Plaintiff in his complaint alleges negligence on the part of *defendant* itself. Furthermore he also indicates that he may be proceeding against the defendant pursuant to an order of the United States District Court, for the District of New Jersey. In the Matter of the Central Railroad Co. of New Jersey, Order No. 605, August 30, 1949, whereby the defendant is restored to custody of its property and is directed to "12 * * * (a) Pay, satisfy and discharge all indebtedness, obligations and liability of the Trustee arising on or after October 30, 1939, in respect of the operation or administration by the Trustee of the property of the Debtor in these proceedings to the extent that the same shall not have been paid or discharged by the Trustee on or before the restoration date." (p. 11 of Order).

If either of these is the substance of the cause of action, the jurisdiction of this Court could only be sustained on the basis of diversity of citizenship. The Judicial

Code requires in this instance, for diversity of citizenship jurisdiction, that the parties be citizens of different states. 28 U.S.C.A. § 1332. Plaintiff in this action is a citizen of New Jersey and defendant is a corporation incorporated apparently only in New Jersey. It is settled law that for purposes of the jurisdiction of a federal court a corporation is a citizen only of the state in which it is incorporated, and it does not become a citizen of another state by transacacting business or by agreeing to be sued therein. Mississippi Pub. Corp. v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 1926, 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Macon Grocery Co. v. Atlantic Coast Line, 1910, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; In re Keasbey v. Mattison Co., 1895, 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Haight & Freese Co. v. Weiss, 1 Cir., 1907, 156 F. 328, certiorari denied, 1907, 207 U.S. 594, 28 S.Ct. 260, 52 L.Ed. 356.

Citizenship is not to be confused with residency for venue purposes. One goes to the very jurisdiction of the court over the subject matter of the action, the other to the matter of the selection of the proper district court in which jurisdiction over the parties to the suit can be obtained. The latter can be waived; the former cannot. It follows, therefore, that since both plaintiff and defendant are citizens of the same state this Court lacks jurisdiction over the subject matter of the action.

■ Plaintiff seemingly relies on Sec. 1391 of Title 28 U.S.C.A. which provides that for venue purposes, a corporation may be sued in any judicial district in which it is doing business, and defendant in this action does maintain offices in New York City and is probably doing business here. However, this section only refers to the "residence of such corporation for venue purposes", and unless there is diversity of citizenship for jurisdictional purposes, Sec. 1391 relating to venue has no application.

Therefore, there being no jurisdictional basis for bringing the action in this Court, the motion of the defendant is granted and the complaint dismissed.