**MOORE v. CENTRAL R. CO. OF NEW JERSEY.**

No. 41, Docket 21734.

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 1950.

Decided Nov. 21, 1950.

Alfred T. Rowe, New York City, (Anthony Sansone, Mamaroneck, N. Y., of counsel), for appellant.

John J. McElhinny, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The complaint, although inartificially worded, shows that the plaintiff in his complaint intended to assert rights against the defendant under (1) the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.,* and (2) the order directing the defendant to assume unpaid liabilites incurred by the trustee.[2] We think the complaint sufficiently states a claim under Federal Rules of Civil Procedure 8(a), 28 U.S.C.A.,[3] provided the court had jurisdiction.

Defendant argues that, taking the complaint as explicitly alleging reliance on F. E. L. A., nevertheless the court lacked jurisdiction. We do not agree. The question is not whether there was federal jurisdiction by virtue of the permissive federal jurisdiction clause of the F. E. L. A., 45 U.S.C.A. § 56; for the Trustee, not the defendant, did the alleged wrong, violative of the Act, of which defendant complains. The question is whether the court, under 28 U.S.C.A. § 1331 [formerly § 41(1)], had jurisdiction of this action as one which "arises under the * * * laws * * * of the United States."

 It did not have jurisdiction under that clause simply because the defendant's assumption of liability grew out of an order of the federal court, in the reorganization proceedings, made pursuant to § 77(f) of the Bankruptcy Act, 11 U.S.C.A. § 205(f). Otherwise there would be federal jurisdiction of every kind of liability stemming from that order, regardless of the origin or character of the liability. The cases hold that § 1331 does not extend so far.[4]

 The court, however, had jurisdiction because the plaintiff's complaint showed that his suit involved the enforcement and effect of a federal statute. Hopkins v. Walker, 244 U.S. 486, 37 S.Ct. 711, 61 L. Ed. 1270. This is not a case where the "most one can say is that a question of federal law is lurking in the background," but one where the right created by a "law of the United States" is distinctly in the foreground, "basic" to the maintenance of plaintiff's suit, not merely "collateral." Gully v. First National Bank, 299 U.S. 109, 112, 117, 118, 57 S.Ct. 96, 81 L.Ed. 70. See Moore, Commentary on the United States Judicial Code, 144–148 (1949).[5]

Reversed.

2. Cf. Jakubowski v. Central R. Co. of New Jersey, D.C., 88 F.Supp. 258.

3. See, e. g., Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

4. See, e. g., Shoshone Mining Co. v. Rutter, 177 U.S. 505, 20 S.Ct. 726, 44 L. Ed. 864; Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 77 L. Ed. 903; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

 A suit on a federal court judgment is not within 28 U.S.C.A. § 1331; Metcalf v. City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876.

5. Missouri Pacific R. Co. v. Mette, 8 Cir., 261 F. 755, 758–759 seems to have decided the precise question before us as we have decided it here; but we think that the majority opinion is not helpful authority since it seems to have relied on decisions relating to the ancillary jurisdiction of a federal court; see however the concurring opinion. See also Note 50 Columbia Law Review 989 (1950).