185 F.2d 369
 MOORE
v.
CENTRAL R. CO. OF NEW JERSEY.
 No. 41.
 Docket 21734.
 United States Court of Appeals, Second Circuit.
 Argued November 2, 1950.
 Decided November 21, 1950.
 
 From October 30, 1939, to August 30, 1949, the defendant railroad was in reorganization proceedings — under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, — pending in the District of New Jersey, and its properties were being operated by the reorganization Trustee. Plaintiff's complaint states that on August 9, 1949, plaintiff was engaged in the railroad's business, in interstate commerce, and that he was, as a brakeman, injured due to negligence in the movement of a locomotive. The complaint also states that the reorganization court, by an order of August 30, 1949, fixed October 1, 1949, as the date for the restoration of the properties to the defendant, and directed that the defendant pay, satisfy, and discharge all liabilities arising on or after October 30, 1939, from the operation by the Trustee of the defendant's property. The plaintiff began his suit on December 9, 1949. He did not join the Trustee as a party. The complaint, which contains nothing that shows diversity of citizenship, is set forth in a footnote.[1]
 On defendant's motion, the district court entered judgment dismissing the complaint on the merits, "on the ground that it fails to state a claim upon which relief can be granted and that this Court does not have jurisdiction of the action * * *" Alfred T. Rowe, New York City, (Anthony Sansone, Mamaroneck, N. Y., of counsel), for appellant.
 John J. McElhinny, New York City, for appellee.
 Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 The complaint, although inartificially worded, shows that the plaintiff in his complaint intended to assert rights against the defendant under (1) the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and (2) the order directing the defendant to assume unpaid liabilities incurred by the trustee.[2] We think the complaint sufficiently states a claim under Federal Rules of Civil Procedure 8 (a), 28 U.S.C.A.,[3] provided the court had jurisdiction.
 
 
 2
 Defendant argues that, taking the complaint as explicitly alleging reliance on F. E. L. A., nevertheless the court lacked jurisdiction. We do not agree. The question is not whether there was federal jurisdiction by virtue of the permissive federal jurisdiction clause of the F. E. L. A., 45 U.S.C.A. § 56; for the Trustee, not the defendant, did the alleged wrong, violative of the Act, of which defendant complains. The question is whether the court, under 28 U.S.C.A. § 1331 [formerly § 41 (1)], had jurisdiction of this action as one which "arises under the * * * laws * * * of the United States."
 
 
 3
 It did not have jurisdiction under that clause simply because the defendant's assumption of liability grew out of an order of the federal court, in the reorganization proceedings, made pursuant to § 77 (f) of the Bankruptcy Act, 11 U.S.C.A. § 205 (f). Otherwise there would be federal jurisdiction of every kind of liability stemming from that order, regardless of the origin or character of the liability. The cases hold that § 1331 does not extend so far.[4]
 
 
 4
 The court, however, had jurisdiction because the plaintiff's complaint showed that his suit involved the enforcement and effect of a federal statute. Hopkins v. Walker, 244 U.S. 486, 37 S.Ct. 711, 61 L. Ed. 1270. This is not a case where the "most one can say is that a question of federal law is lurking in the background," but one where the right created by a "law of the United States" is distinctly in the foreground, "basic" to the maintenance of plaintiff's suit, not merely "collateral." Gully v. First National Bank, 299 U.S. 109, 112, 117, 118, 57 S.Ct. 96, 81 L.Ed. 70. See Moore, Commentary on the United States Judicial Code, 144-148 (1949).[5]
 
 
 5
 Reversed.
 
 
 
 Notes:
 
 
 [1]
 "Comes the plaintiff and for his Amended Complaint and cause of action against the defendant alleges:
 "1. That at all the times hereinafter mentioned the defendant, the Central Railroad Company of New Jersey, was a corporation duly organized and existing under and by virtue of the laws of New Jersey, and at the time of the occurrence of plaintiff's accident, the defendant was undergoing reorganization under Section 77 of the Bankruptcy Act and the custody of the debtor's property and the administration of its affairs were carried on through a surviving trustee, the late Walter P. Gardner.
 "2. That at all the times herein mentioned the late Walter P. Gardner was Trustee in bankruptcy of the property and estate of the debtor, the Central Railroad Company of New Jersey, by virtue of an order of the United States District Court of New Jersey.
 "3. That at all the times hereinafter mentioned Walter P. Gardner as bankruptcy Trustee of the Central Railroad Company of New Jersey, was and now is a common carrier of passengers and freight for hire by railroad and engaged in interstate commerce between the various states of the United States.
 "4. That at all the times herein mentioned, Walter P. Gardner then in his lifetime was Trustee of the debtor, the Central Railroad Company of New Jersey and was engaged in business within the jurisdiction of the United States Court for the Southern District of New York and the Central Railroad Company of New Jersey now is engaged in business within the United States District Court for the Southern District of New York.
 "5. Upon information and belief that at all the times herein mentioned, the Trustee Walter P. Gardner, and the debtor defendant, the Central Railroad Company of New Jersey, their agents, servants and employees owned, maintained and controlled various lines of track within the State of New Jersey, together with sidings, switches, turnouts over which is operated its locomotives and trains.
 "6. That in the reorganization proceedings, an Order No. 605 of the United States District Court of the District of New Jersey was entered fixing the date for returning custody of the debtor's property and restoring same to the debtor, and on the 30th day of August, 1949 said order was entered fixing October 1, 1949 at 12:01 A.M. Eastern Standard time as determined and fixed as the date for the restoration of the debtor's property to the custody of the debtor. Said date and time are hereafter referred to as the restoration date.
 "Upon the restoration date all the business and affairs and the entire property and estate of the debtor and all right, title and interest of the since deceased Walter P. Gardner as Trustee of the debtor shall vest and become the absolute property of the defendant.
 "That after said restoration date the Trustee as such shall have no further powers, responsibility or authority.
 "That said Order directs payment, satisfaction and discharge of all indebtedness, obligations and liabilities of the Trustee on or after October 30, 1939.
 "That all claims and demands existing as of the restoration date against the debtor or against its property whether matured and whether arising in contract or tort, are to be assumed and paid for by the debtor.
 "7. That on or about the 9th day of August, 1949, the plaintiff was in the employ of the debtor, the Central Railroad Company of New Jersey and Walter P. Gardner, Trustee, as a brakeman and during the afternoon of said day while working on a certain train of cars in the making up, breaking up and distribution of cars that composed the freight train on which he was at work on defendant's line of track in Bridgeton, New Jersey.
 "8. That at all the times herein mentioned the plaintiff was engaged in defendant's business of interstate commerce.
 "9. That at the time and place aforesaid while the plaintiff was working on a string of cars in performance of his duties as a brakeman and while relying on the reasonable assurance of safety of the defendant, its agents, servants having control over the movement of said locomotive and train, that said train would be moved in accordance with the usual and customary signal and in the regular manner, but at said time and place the defendant was negligent and failed to observe said rules in the movement of said locomotive and train, but caused to make an emergency move with great force and violence and in an abrupt manner so that the cars on which plaintiff was at work were caused to start abruptly with an extraordinary jolt and without signal or warning causing plaintiff to be thrown violently to the ground and caused to sustain multi-fracture of the pelvis permanently injuring the same, bruising and wounding him about his spine internally and externally, injuring the bones, sinews, nerves and nervous system, causing a derangement thereof; that he has ever since been obliged to lay up in bed and remain indoors and suffer great pain and mental anguish and forego his usual occupation from which he derived profit and support and obliged to incur debts for medical and surgical care and attention and medicine and supplies by all which means plaintiff has been damaged in the sum of One Hundred Thousand ($100,000.00) Dollars.
 "10. That the accident and injuries that befell the plaintiff were brought about wholly and solely through the negligence of the defendant, its agents or servants and without the plaintiff contributing in any way thereto.
 "Wherefore, plaintiff demands judgment against the defendant for the sum of One Hundred Thousand ($100,000.00) Dollars, together with the costs and disbursements of this action."
 
 
 [2]
 Cf. Jakubowski v. Central R. Co. of New Jersey, D.C., 88 F.Supp. 258
 
 
 [3]
 See, e. g., Dioguardi v. Durning, 2 Cir., 139 F.2d 774
 
 
 [4]
 See, e. g., Shoshone Mining Co. v. Rutter, 177 U.S. 505, 20 S.Ct. 726, 44 L. Ed. 864; Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 77 L. Ed. 903; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70
 A suit on a federal court judgment is not within 28 U.S.C.A. § 1331; Metcalf v. City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543; Skelly Oil Co., v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876.
 
 
 [5]
 Missouri Pacific R. Co. v. Mette, 8 Cir., 261 F. 755, 758-759 seems to have decided the precise question before us as we have decided it here; but we think that the majority opinion is not helpful authority since it seems to have relied on decisions relating to the ancillary jurisdiction of a federal court; see however the concurring opinion. See also Note 50 Columbia Law Review 989 (1950)