C. Elton REEVES and Vivian P. Reeves,
Plaintiffs,

v.

The UNITED STATES of America,
Defendant.

Civ. No. 63–23.

United States District Court
D. Oregon.

March 29, 1963.

Roger Tilbury, Portland, Or., for plaintiff.

William B. Borgeson, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

The plaintiffs (Reeves) allege in substance that:

They are the equitable owners and in possession of an 87 acre "Johnson Ranch" and a contiguous 75 acre "Versteeg Ranch" situate in the southwesterly environs of the Portland, Oregon, International Airport;

In March, 1951, Reeves' predecessors in interest granted to the defendant (Government) for the use of the Federal Aviation Agency (FAA) a leasehold interest in and to a 5.7 acre tract within the Versteeg Ranch, for the construction and maintenance of a "Vortac" radio tower facility to be operated by the FAA in connection with an aircraft guide system for the airport;

Recently FAA claims and asserts against Reeves, their assigns, not only the granted leasehold interest in and to the 5.7 acre tower site, but also that the agreement contains covenants restricting the land uses (forbidding the erection of buildings, etc.) on that part of the Versteeg and Johnson Ranches lying within the radius of 1,000 feet from the center of the leased 5.7 acre tract.

Reeves specifically allege:

"No such right (restriction of land uses) has been granted by plaintiffs, or anyone else having an interest in either the Johnson or Versteeg property, at any time.

"As a result of the asserted claim by The United States of America of the interest described above, the

market value of said premises has greatly declined and plaintiffs have been precluded from consummating a sale of the property to buyers who were otherwise, ready, willing and able to purchase their property."

Reeves thereupon seek a decree quieting their title against the claims of Government, and injunctive relief.

The Government moves to dismiss the cause.

Reeves urge that they are rightfully here under § 2410(a) Title 28 U.S.C.A., as interpreted by United States v. Coson, 286 F.2d 453 (9th Cir. 1961). I glean from counsel's argument that he believes that FAA claims under "an instrument, apparently valid but (claimed by Reeves to be) actually invalid, where there is reason to apprehend that, if not cancelled, it may prove injurious to the * * (Reeves)." Quotes taken from Hopkins v. Walker, 244 U.S. 486, p. 490, 37 S.Ct. 711, p. 713, 61 L.Ed. 1270 (1916), cited with reliance in Coson, supra, 286 F.2d at p. 457.

 I agree that Coson teaches us in no uncertain words that the words "suit" to "quiet title to" contained in § 2410 (a), comprehends and includes a suit to "remove a particular cloud from (Reeves') title" cast by an instrument apparently valid but in fact invalid; however, that is a far cry from telling us that the alleged claims of FAA here are equivalent to the "claims (of) a mortgagee or other lien (holder)" or otherwise within the meaning of § 2410(a).

Of course, the claims of FAA are not those of a mortgagee, but are they that of any "other lien (holder)"?

I am advised that

"The word 'lien' is a French word, and originally signified a string, tie, or bond, and in the metaphorical sense in which the law uses it it signifies such hold or claim on a thing for the satisfaction of a debt, duty, or demand as that it cannot be taken away until the same be satisfied and paid. It is in this sense properly applicable and originally was only applied to chattels, things movable and easily passed from hand to hand, and with respect to these the claim which one has on them is called a lien, a string which binds them fast, and holds them in his possession. In most instances in which one has such lien, if the debt or duty be not paid on reasonable request and within reasonable time the party himself may sell the chattel so held without the intervention of any judicatory, as in the case of pledges, etc." 25 Words and Phrases "Lien", p. 364.

Bouvier defines a lien to be "a hold or claim which one has upon the property of another as security for some debt or charge." Furthermore:

"A lien upon land is not an estate or 'interest' in the land. 'A lien is not, strictly speaking, either a jus in re or a jus ad rem; that is, it is not a property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing.' ' "Lien" is a term of very large and comprehensive signification. In its widest sense it may be defined to be a hold or claim which one person has upon the property of another as a security for some debt or charge. *But it never imports more than security. It confers no right* of property.'" [Italics supplied.] 25 Words and Phrases "Lien", p. 383.

It now becomes manifest that FAA does not here claim any "other lien" upon Reeves' real property, and I conclude that § 2410(a) does not offer Reeves a channel for relief from their plight.

 It may be that Reeves have mistaken their remedy for relief from the claims of FAA. I cannot now conclude that Reeves cannot frame their factual picture with proper contentions for the recovery of money damage from the Government under § 1346(a) (2) or (b), Title 28 U.S.C.A., nor for recovery of "just compensation" upon a theory of inverse eminent domain under § 1358

Title 28 U.S.C.A. See Thompson v. United States, 215 F.2d 744 (9th Cir. 1954); United States v. Crown Zellerbach Corp., 60 F.Supp. 853, 860 (D.Or. 1945); Tomasek v. Oregon Highway Commission, 196 Or. 120, 147, 248 P.2d 703, et seq.

Accordingly, Government's motion to dismiss the cause in its present posture should be denied, and

It is so ordered.