BARNETT et al. v. KUNKEL et al. *

(Circuit Court of Appeals, Eighth Circuit. July 29, 1922.)

No. 5920.

1. Appeal and error ⟨⟩⟩750(7)—Assignments of error directed at the decree it-self raise questions of law or fact which court must have found to justify decree.

In action to quiet title, in which the court made no findings of fact and stated no conclusions of law, except the general broad results in the decree, that the plaintiffs had title to the land and that the defendant had no interest therein, assignments of error directed at the decree itself were sufficient to raise all questions of law and fact which the court must have found to justify the decree.

2. Appeal and error ⟨⟩⟩1099(4)—Determination on prior appeal held law of case on subsequent appeal.

Determination on former appeal as to validity of deed made before issuance of patent *held* the law of the case on a subsequent appeal.

3. Indians ⟨⟩⟩27(6)—Defendants, who claimed approval of Indian's deed of allotment was procured by fraud, had burden of proof on such issue.

In an action to quiet title, in which the defendants claimed that the county court's approval of an Indian's deed to an allotment under which the plaintiffs claimed had been procured by fraud, the defendants had the burden of proving such fraud.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Suit by W. A. Kunkel and another against Hannah Canard Barnett and another. Decree for plaintiffs, and defendants appeal. Affirmed.

Lewis C. Lawson, of Holdenville, Okl. (Malcolm E. Rosser and Stone, Moon & Stewart, all of Muskogee, Okl., on the brief), for appellants.

Preston C. West, of Tulsa, Okl. (T. J. Flannelly and Paul B. Mason, both of Independence, Kan., and West, Sherman, Davidson & Moore and James A. Veasey, all of Tulsa, Okl., on the brief), for appellees.

Before CARLAND and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. This is a suit in equity by Kunkel and the Prairie Oil & Gas Company against Hannah Barnett and others, to quiet title to a parcel of land which was formerly the allotment of Mahaley Watson, a full-blood Creek, who died while a minor. Hannah Barnett, a full-blood Creek, was her mother and sole heir. Defendants answered and filed a cross-bill praying that title be quieted in Hannah Barnett. At a former trial, an objection was made to evidence in support of the answer and cross-bill, on the ground that the answer and cross-bill did not state sufficient facts. At that time, the court required defendants to make an offer of proof and sustained an objection to that offer. The court then entered a decree for plaintiffs and dismissed the cross-bill upon the merits. An appeal from that decree to this court resulted in a reversal (259 Fed. 394, 170 C. C. A. 370), on the ground that the cross-bill stated sufficient facts, and directing the trial court

⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 258 U. S. —, 43 Sup. Ct. 97, 67 L. Ed. —.

to hear the evidence thereon. The case was again tried upon full proofs, resulting in a decree quieting the title in the plaintiffs. From that decree defendants bring this appeal.

[1, 2] Appellants rely here upon 18 assignments of error. Many of these refer to admissions of testimony. These have all been examined and we have found no substantial error therein. Other assignments are directed at the decree itself. The court made no findings of fact and stated no conclusions of law, except the general broad results in the decree, that the plaintiffs had title to the land and that the defendant had no interest therein. The assignments aimed at the decree are sufficient to raise here all questions of law or fact which the court must have found to justify the decree. Some of the issues so raised and here presented were fully settled on the prior appeal. Such are, that the deed to Sims was void because made before the patent for the land issued; that approval of that deed by the county court of Okfuskee county could not be made four years after execution of the deed; that the deed could not be approved by the county judge at his residence. The former appeal settled that the deed could be made before the patent issued; that the deed could be approved at the time it was claimed to have been approved, about four years after the execution of it; and that the approval could be made at the residence of the judge.

[3]. In addition to the points which are above disposed of, there remain two, namely, the alleged fraud in securing the conveyance from Hannah Barnett, and the defense that appellees are innocent purchasers. As the trial court made no findings of fact nor stated any conclusions of law, we cannot know upon what theory the decision rested. We have, therefore, been compelled to read and study the entire evidence. The claim of fraud is made by appellants and the burden of proof as to that issue was upon them. The fraud alleged was in procuring the approval of the deed by the judge of the county court. The fraud alleged consisted in causing Hannah Barnett to believe that the instrument presented to the court for approval was something other than a deed to the property. In our judgment, the fraud alleged was not only not proven but the substantial weight of the evidence is to the contrary. This view of the issue as to fraud disposes of the case and makes it unnecessary to determine the sufficiency of the defense that the appellees are innocent purchasers.

The decree is affirmed.