## BARNETT ET AL. *v.* KUNKEL ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 134.   Argued January 4, 1924.—Decided February 18, 1924.

1. The Court of its own motion will dismiss an appeal not within its jurisdiction.   P. 19.
2. The federal jurisdiction of the District Court must appear in the plaintiff's statement of his case.   P. 20.
3. A bill to quiet title, averring diversity of citizenship, and showing that the land in question was allotted Indian lands conveyed to plaintiff under the federal law and generally that the defendant asserts a conflicting title, but not showing that the conflict will involve the validity of conveyances made in virtue of the federal law, invokes the jurisdiction of the District Court on the ground of diverse citizenship only, so that review of the decree on the merits, even though federal issues were brought in by answer and cross bill, or at the trial, and decided, is final in the Circuit Court of Appeals (Jud. Code, § 128,) unless this Court shall grant a certiorari (*Id.* § 240.)   Pp. 19–21.
4. Section 3 of the Act of June 25, 1910, authorizing appeals to this Court "in all suits affecting the allotted lands within the eastern district of Oklahoma," etc., was repealed by the Judicial Code. P. 21.

Appeal to review 283 Fed. 24, dismissed.

APPEAL from a decree of the Circuit Court of Appeals, which affirmed a decree of the District Court for the plaintiff Kunkel, and the Prairie Oil and Gas Company, made defendant by a cross bill, and against the defendants and cross plaintiffs, Barnett et al., in a suit brought by Kunkel to quiet title to a piece of land in Oklahoma.   Certiorari was refused.   260 U. S. 738.   A petition for rehearing was denied.

*Mr. Lewis C. Lawson,* with whom *Mr. Francis Stewart, Mr. Malcolm E. Rosser* and *Mr. Chas. A. Moon* were on the briefs, for appellants.

*Mr. Preston C. West,* with whom *Mr. Thomas J. Flannelly* and *Mr. Alexander A. Davidson* were on the brief, for appellees.

Mr. Chief Justice Taft delivered the opinion of the Court.

W. A. Kunkel, a citizen of Indiana, began this suit in the United States District Court for the Eastern District of Oklahoma to quiet title to 160 acres of land in that district, and made defendants Hannah C. Barnett, her husband, Tucker K. Barnett, and others, all citizens of Oklahoma residing in the district. In his amended bill the complainant averred that he deraigned his title from one Mehaley Watson, a Creek citizen, to whom was allotted the land in question, that a patent was issued in her name signed by the principal chief of the Creek Nation and approved by the Secretary of the Interior, that she died in October, 1908, before the issue of the patent in March, 1909, that she was an illegitimate child of the defendant Hannah C. Barnett, a Creek of the full blood, who was her heir and inherited the land in question, that on March 22, 1909, in consideration of $500, the mother executed and delivered a warranty deed for the tract to one B. O. Sims, that on the same day the deed to Sims was approved by the County Court of Hughes County, Oklahoma,—the court having jurisdiction to settle the estate of Mehaley Watson deceased,— that Sims conveyed to Brannan, that Brannan conveyed to Berrian and others from whom by some eleven mesne conveyances, the details of which were set out in the bill, the land was conveyed, in March, 1913, to one R. S,

Litchfield, that, the question then having arisen whether Mehaley Watson was not a resident of Okfuskee County, instead of Hughes County, when she died, Mrs. Barnett and her husband filed their petition in the County Court of Okfuskee County asking approval of her deed of March, 1909, to B. O. Sims, and obtained the approval of that court accordingly in consideration of $2000 paid her by Litchfield; that Sims on the same day made and delivered a quitclaim deed of the land to Litchfield, that, by several mesne conveyances set forth, the tract became ultimately vested in the complainant, and that complainant in May, 1914, leased the land to the Prairie Oil and Gas Company for oil and gas purposes, which entered upon the land and was operating wells thereon and paying complainant rentals and royalties.

The bill then alleged that the defendants and each of them were asserting title adverse to that of the complainant, by leases and conveyances of the land and otherwise, and unless restrained would make others, all of which were or would be clouds upon complainant's title, wherefore he prayed that defendants be required to set forth such right, title or interest as may be asserted by them, and that the title of complainant be adjudged valid, and quieted against defendants' claims.

To the amended bill, the defendants, Hannah C. Barnett and her husband, filed an answer and cross bill in which they attacked the validity of her deed to Sims as violating § 9 of the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, in three respects: first, it was executed two days before the patent to Mehaley Watson was approved by the Secretary of the Interior; second, the approval of the deed by the Hughes County Court in 1909 was of no effect because Mehaley Watson died a resident of Okfuskee County; and third, the purported approval of the deed by the Okfuskee County Court in 1913 was void for the reason that it was made by the

judge of that court during a vacation of the court, at his residence and not at the court house, and that it was obtained by fraud upon the judge and Hannah Barnett. By cross bill the Prairie Oil and Gas Company, a corporation of Kansas, was made defendant. Mrs. Barnett, asserting ownership in the land in herself, prayed for a decree declaring the Sims deed void, and quieting her title, and for an accounting for the profits made from the land by complainant and the Prairie Oil and Gas Company. Evidence was heard and a decree rendered by the District Court finding for the complainant and quieting title in him. An appeal was taken to the Circuit Court of Appeals, in which the decree of the District Court was reversed (259 Fed. 394), and the case remanded for another hearing because of the exclusion of material evidence. Upon a second hearing, the decree was again for the complainant, and on the second appeal, the decree of the District Court was affirmed. 283 Fed. 24. A petition for certiorari was filed and submitted to this Court, October 23, 1922, and was denied November 13, 1922. 260 U. S. 738.

No question of our jurisdiction to hear this appeal is raised by the appellees. That, however, does not relieve us from the duty of inquiring into it. The jurisdiction of the District Court was invoked on the ground of diverse citizenship of the parties. There was no other ground set forth in the bill. The complainant in deraigning his title disclosed the fact that it rested on the allotment of the land in question to a deceased Creek Indian minor, that the land was inherited by the minor's mother and was conveyed by that mother as a full blood Creek Indian with approval of the County Court, all in accordance with and by virtue of a law of Congress; but there was nothing to show on the face of the bill that the validity of this conveyance was questioned under that law. The averment that the defendants were asserting

a conflicting title or interest did not show that the issues which the assertion of their claims would present for trial, would necessarily involve the validity of the conveyances made under and by virtue of the federal law, any more than the legal sufficiency of the many other conveyances set forth in the bill in the chain of complainant's title. It is true that the issues made by the answer clearly involved a consideration and construction of the effect of the federal statute of May 27, 1908, and perhaps others, but that fact subsequently developed would not furnish a ground for jurisdiction of a Federal District Court. In *Florida Central R. R. Co.* v. *Bell,* 176 U. S. 321, it was said (p. 327):

" It must be regarded as conclusively established by our decisions that the jurisdiction of the Circuit Court must appear in the plaintiffs' statement of their case," citing *Metcalf* v. *Watertown,* 128 U. S. 586; *Colorado Central Mining Co.* v. *Turck,* 150 U. S. 138; *Oregon Short Line Ry. Co.* v. *Skottowe,* 162 U. S. 490; *Hanford* v. *Davies,* 163 U. S. 273; *Press Publishing Co.* v. *Monroe,* 164 U. S. 105.

And (pp. 328–329):

" In view of the frequent and recent decisions of this court on this subject, it is not necessary to argue the proposition that the mere assertion of a title to land derived to the plaintiffs, under and by virtue of a patent granted by the United States, presents no question which, of itself, confers jurisdiction on a Circuit Court of the United States. *Blackburn* v. *Portland Gold Mining Co.,* 175 U. S. 571."

The subject is discussed and cogent reasons for the rule are given in *Shulthis* v. *McDougal,* 225 U. S. 561, 569. See also *Taylor* v. *Anderson,* 234 U. S. 74; *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 505; *De Lamar's Nevada Co.* v. *Nesbitt,* 177 U. S. 523.

Had the bill of complaint in this case averred that the suit arose under the laws of the United States, because

Hannah Barnett insisted that her deed to Sims was void under the statutes of the United States and so had created a cloud upon complainant's title by her subsequent leases and contracts, the District Court could have taken jurisdiction on that ground alone. *Hopkins* v. *Walker,* 244 U. S. 486, 490; *Lancaster* v. *Kathleen Oil Co.,* 241 U. S. 551; *Wilson Cypress Co.* v. *Del Pozo,* 236 U. S. 635, 643, 644. But nothing of this kind appeared in the bill, and the development of the real federal issues in the answer or on the trial could not supply the defect in the original jurisdiction of the suit as one arising under the laws of the United States.

It being established that the sole ground for jurisdiction in the District Court was diverse citizenship, the decree of the Circuit Court of Appeals affirming the decree of the District Court on appeal was final, § 128, Judicial Code, and can only be reviewed in this Court by writ of certiorari under § 240, Judicial Code. *Shulthis* v. *McDougal,* 225 U. S. 561.

> *The appeal is dismissed for lack of jurisdiction.*

---

On March 17, 1924, the Court, through the Chief Justice, made an order in this case, as follows:

The Court orders that there be added to the opinion already filed herein the following:

" The third section of the Act of Congress, approved June 25, 1910, c. 408, 36 Stat. 836, was repealed by the last paragraph of § 297 of the Judicial Code, approved March 3, 1911, c. 231, 36 Stat. 1087, 1169."

The petition for rehearing is denied.