Gordon H. **MITCHELL**, Appellant,

v.

**Roy P. PARHAM and Oklahoma Alcoholic Beverage Control Board**, Appellees.

No. 8340.

United States Court of Appeals
Tenth Circuit.

March 8, 1966.

Rehearing Denied April 25, 1966.

Odes J. Harwood, Oklahoma City, Okl., for appellant.

Burck Bailey, Asst. Atty. Gen. of Oklahoma, Oklahoma City, Okl., for appellees.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

The appellant had previously filed an appeal in this court which was dismissed because the order upon which it was based was not an appealable order. Upon remand, plaintiff was given an opportunity to amend his complaint if he desired to do so, but if no amendment was made it was directed that a final order of dismissal be entered. Appellant did not amend, and the trial court

entered an order dismissing the action. It is from this order that the appellant now appeals.

Appellant had sought a license as a sales agent for a liquor wholesaler from the Alcoholic Beverage Control Board of Oklahoma. His application was rejected by the Director of the Board because appellant had been the holder of a Federal Liquor Stamp, and his application did not show the name of the wholesaler who was to be his employer. This action was upheld upon appeal to the Board, following a hearing. Appellant then filed an appeal with the State of Oklahoma District Court for Oklahoma County. This appeal was subsequently dismissed by the state court when no action had been taken upon it.

Appellant's complaint filed with the United States District Court sought an order to compel the issuance of the license and for damages. Appellees moved to dismiss the petition, and the trial court in sustaining the motion to dismiss assigned the following reasons: (1) Failure to state a cause of action; (2) lack of jurisdiction; (3) sovereign immunity; and (4) the action was barred by the Oklahoma statute of limitations.

The complaint of appellant alleges that the matter in controversy exceeds the sum of $10,000.00 and: "Further that jurisdiction is founded upon a federal question and amount in controversy, to wit: That this action arises under Constitution of the United States, 14th Amendment, violates his rights and privileges as guaranteed by the Constitution of the United States." No diversity of citizenship is alleged. The above constitute all of the jurisdictional allegations that appear in the complaint.

The appellant then alleges that he filed an application with the Oklahoma Alcoholic Beverage Control Board for an agent's license, and that he was denied a license by the defendant-appellee Director of the Board, Roy P. Parham, "* * * acting under Title 37 O.S., § 527(a) (4)." He next alleges that this action damaged plaintiff in that he could not accept employment with a wholesale liquor company "* * * because of the requirement of license provided for in Section 518 of Title 37 O.S."

The allegations made by the appellant, together with the copy of his application which has been attached to his petition, show that he comes within the prohibition of the Oklahoma statute which is referred to above, this being Title 37 O.S., § 527(a) (4). This statutory provision states in effect that a license as applied for by appellant shall be denied to a person who has held a Federal Liquor Stamp for the sale of intoxicating liquors in the state of Oklahoma. It appeared during the oral argument that statute was directed to persons holding such stamps during the period when Oklahoma was dry.

The petition contains no allegation that the statute requiring a license or the requirements in the statute as to the qualification of a licensee are in any manner unconstitutional, nor does the petition assert that the classification contained in the statute relative to qualifications is in any way unreasonable. The only allegation in this connection in the petition is to the effect that the state statute makes it unlawful for any person to obtain a license "* * * if he or she in fact complies with federal law." The petition does not assert that the acts of the defendants were in any way arbitrary, capricious, or beyond their authority.

The appellant first attacks the dismissal by the trial court for lack of jurisdiction. The trial court, as indicated above, dismissed on several grounds including failure to state a cause of action and lack of jurisdiction. When jurisdiction is asserted by the plaintiff, as here, on the general federal question, the issues relating to the sufficiency of the allegations as to jurisdiction, and to the sufficiency of the statement of the claim are necessarily interrelated. This is especially so when the rule is applied that the complaint assert a "substantial" federal question. Thus it is difficult to identify a "substantial" question where facts con-

stituting a cause of action are not clearly alleged.

The Supreme Court in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, where the complaint sought recovery of damages directly under the Constitution of the United States, stated that under such circumstances the federal court should " * * * assume jurisdiction to decide whether the allegations state a cause of action * * *." The Court then suggests that if the court so exercises its jurisdiction, and finds that no cause of action is alleged, the disposition of the case is then on its merits and not on the issue of jurisdiction. The Court however continues and points out that under certain circumstances the court can instead dismiss for lack of jurisdiction where the asserted federal claim appears to be immaterial and made to come within federal jurisdiction, or where the claim is wholly insubstantial and frivolous. Thus in the proper case the allegations of jurisdiction and of the claim itself must be examined. The allegations of jurisdiction must be borne out by a claim well pleaded. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Polhemus v. American Medical Ass'n, 145 F.2d 357 (10th Cir.); Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 158 F.2d 900 (10th Cir.); Stanturf v. Sipes, 335 F.2d 224 (8th Cir.); Moore, Federal Practice ¶ 8.09[1], ¶ 2.07.

In Levering & Garrigues Co. v. Morrin, supra, the Court also distinguished between the disposition of a case of this nature on jurisdictional grounds and upon a failure to state a cause of action. It is there stated that if the complaint sets forth a "substantial claim," a case is presented within the federal jurisdiction, but where it is plainly "unsubstantial," jurisdiction is wanting. Thus again the directions are to examine the legal sufficiency of the facts alleged to support the claim of a general federal question. Lack of substantiality of a federal question " * * * may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject." See also California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L. Ed. 70.

■ There would seem to be no question that a mere allegation under 28 U.S.C.A. § 1331 that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle. Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (10th Cir.); Martinez v. Southern Ute Tribe, 273 F.2d 731 (10th Cir.). Thus jurisdiction must affirmatively arise from the allegations of ultimate facts, and not from conclusions as to the nature of the claim.

In the case at bar the only reference to jurisdictional facts, other than the conclusions that a federal question exists and the action arises under the Constitution of the United States, is that his application for license was denied by the state official acting under § 527(a) (4) of Title 37, Oklahoma Statutes. Also that this section " * * * in substance makes it unlawful for any person to obtain a license if he or she in fact complies with federal law." These are the only facts relating to jurisdiction and the claim which are alleged. The damages are claimed solely by reason of the enforcement of the state law and nothing more by way of arbitrary acts of the officials nor by malice or abuse of power.

Thus the substance of the allegations, considering also the application for a license attached to the complaint, is that appellant cannot be licensed by the state because he held a Federal Liquor Stamp for the sale of liquor in Oklahoma, and that such stamp was required of him by federal law if he wished to there sell liquor. At the time appellant held such

stamp Oklahoma was dry by virtue of its state laws. Thus appellant had met the requirements of federal law to allow him to perform acts in Oklahoma, but these acts were then illegal under state law. Then with the elimination of prohibition in Oklahoma the state disqualified for licensing those persons who had previously met the federal standards as evidenced by the holding of a Liquor Stamp. The state thus has apparently conclusively presumed that the holders of Federal Liquor Stamps were then engaged in acts in violation of its prohibition laws or at least intended to do so. The complaint does not allege that this constitutes an unreasonable classification in a matter pertaining to the regulation of the sale of liquor. Polhemus v. American Medical Ass'n, 145 F.2d 357 (10th Cir.).

The claim here can be considered as directly under the Constitution for these purposes, as described in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 778, 90 L.Ed. 939, if the complaint is liberally construed. It then presents a situation where the trial court could assume jurisdiction and decide whether a cause of action was alleged. The trial court found no cause of action to be asserted and we agree. However we express no opinion as to whether the additional grounds for dismissal, statute of limitations and sovereign immunity, were open for consideration in view of the limitation of consideration to the complaint and exhibits which are part of it. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Barnett v. Kunkel, 264 U.S. 16, 44 S.Ct. 254; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194.

Thus the appellant has failed to allege a cause of action. He, as mentioned above, does not allege that the classification in the state act was in any way improper, nor does he allege any discrimination against him as compared to others. Nor does he allege any abuse of authority or power. Moyer v. Peabody, 212 U.S. 78, 29 S.Ct. 235, 53 L.Ed. 410; Owens v. Battenfield, 33 F.2d 753 (8th Cir.). His sole allegation is in substance that because he voluntarily qualified under a federal law to sell liquor in Oklahoma, he is now prohibited from being licensed by Oklahoma. Nor is this a direct conflict between the laws of Oklahoma and the Constitution or laws of the United States. The allegations refer to no other issue and the complaint must fail.

Affirmed.