**Paul KNIGHT**

v.

**UNITED STATES LINE, INC.**

**Civ. A. No. 70–2644.**

United States District Court,
E. D. Pennsylvania.

March 23, 1971.

Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

■ Defendant has requested this Court, pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Eastern District of South Carolina. For reasons set forth within the opinion, we grant the motion.

The relevant section of the Code provides that:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

For the movant to prevail, he

"[M]ust make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district." Peyser v. General Motors Corporation, 158 F.Supp. 526, 529 (S. D.N.Y.1958).

We are not unmindful of the fact that courts are reluctant to overturn the plaintiff's choice of forum, Clendenin v. United Fruit Co., 214 F.Supp. 137 (E. D.Pa.1963). However, where, as here, only one tenuous connection exists to this District, and many others are strongly within the ambit of another district's concern, as will be enumerated supra, we feel obliged to transfer a case which " * * * would more conveniently proceed and the interests of justice * * * be better served" in another court. See Peyser, supra, 158 F.Supp. at 529; see also Faucette v. Lykes Bros. S. S. Co., 110 F.Supp. 287 (S.D.N.Y.1953).

The greatest part of plaintiff's medical attention has been received at the United States Public Health Service Hospital in Charleston, South Carolina. He has also been treated at the United States Public Health Hospital in Baltimore, Maryland; but is now again being treated at Saint Francis Hospital, in Charleston, where he was previously confined. As a result of his present illness, he is unavailable for oral examination. In addition, at least two treating physicians are resident in the Charleston area.

Plaintiff has failed to identify any witnesses to the alleged occurrence, but of the eighteen members of the Engine Department, of which plaintiff was a member, thirteen reside in southern states, including the ranking engineers.

Plaintiff wishes to board the SS AMERICAN CHALLENGER, the vessel on which the alleged occurrence took place, in order to inspect and photograph it; and, according to the vessel's current schedule, this can be accomplished only in southern ports of the United States.

Against this, plaintiff advances the fact that "The most ultimate substantial contact with this District or Commonwealth will be the admission of the plaintiff for rehabilitation at the Hospital of the University of Pennsylvania and Wills Eye Hospital which is (sic) awaiting stabilization of his back injury."

When considered in light of the fact that plaintiff lives in the Eastern District of South Carolina, that two treating physicians are resident there, that

the greatest part of his hospitalization has been, and continues to be, there, we cannot attach controlling importance to this one point.

Indeed, it would seem that the only convenience served here is that of plaintiff's counsel, which cannot be given controlling weight. Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299 (7th Cir.); certiorari denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955).

■ Finally, it has been asserted by plaintiff that " * * * under the new procedures adopted by this Court [it is believed] that plaintiff may be afforded a more speedy trial in this jurisdiction." This assertion is totally without authority, and unsupported conclusions may be disregarded. Oppenheim v. Sterling, 368 F.2d 516 (10th Cir. 1966); Mitchell v. Parham 357 F.2d 723 (10th Cir. 1966); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954); and Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954).

And now, to wit, this 23rd day of March, A.D.1971, it is ordered that defendant's motion to transfer this action to the United States District Court for the Eastern District of South Carolina be and the same is hereby granted.

And it is so ordered.