**Fred L. OLIVER, et al.,
Plaintiffs-Appellees
Cross-Appellants,**

v.

**TRUNKLINE GAS CO.,
Defendant-Appellant
Cross-Appellee.**

**No. 85–2323.**

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1986.

John D. White, Betty Taylor Tauber, Houston, Tex., for defendant-appellant cross-appellee.

Michael Paul Graham, George F. Goolsby, Houston, Tex., for plaintiffs-appellees cross-appellants, Baker and Bolts.

Before WISDOM, RUBIN and HIGGIN-BOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

### OPINION

PATRICK E. HIGGINBOTHAM, Circuit Judge:

### I

■ In response to our holding that the federal district court lacked subject-matter jurisdiction over this contract dispute between buyer and sellers of natural gas, the plaintiff-sellers now suggest that the suit was one to recover the contract price *and* a "just and reasonable rate" under section 4(a) of the Natural Gas Act, 15 U.S.C. § 717c(a). The complaint, however, made only one general allusion to the Natural Gas Act; it did not refer to section 4(a); it made no mention of "just and reasonable rates"; and it expressly alleged that Trunkline is liable because it "breached its contractual obligations to Plaintiffs under the Contract."[1] The plaintiffs now argue that the suit on the contract was somehow implicitly also a suit to enforce rights they had under section 4(a) of the federal statute. Assuming for the sake of argument that a suit could have been brought under section 4(a),[2] the plaintiffs' ingenious at-

---

1. The complaint's general allusion to the Natural Gas Act had an obvious purpose in anticipating and disputing a defense by Trunkline: that the defendant was forbidden by federal law to pay higher rates than it did pay. Because of the "well-pleaded complaint rule," however, such anticipation of the defendant's position cannot be used to establish federal jurisdiction. *See, e.g., Louisville & N.R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). It is true, on the other hand, that the well-pleaded complaint rule has given rise to an independent corollary under which "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (citation omitted). This, however, is simply another way of saying that "if a federal cause of action com-

pletely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 2854. Because it is well-established that the Natural Gas Act does not create a cause of action that "completely preempts" state contract actions, *see Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), this rule is of no aid to these plaintiffs.

2. Such a suit would, to put the matter gently, have encountered its own set of jurisdictional problems. *See, e.g., United Gas Pipe Line Co. v. Mobile Gas Serv. Corp.,* 350 U.S. 332, 338–43, 76 S.Ct. 373, 377–80, 100 L.Ed. 373 (1956); *Natural Gas Pipeline Co. v. Harrington,* 246 F.2d 915, 918–19 (5th Cir.1957), *cert. denied,* 356 U.S. 957, 78 S.Ct. 992, 2 L.Ed.2d 1065 (1958); *cf. Federal*

tempt to recharacterize this suit must fail. It is undisputed that the contract called for the defendant to pay the maximum rate allowed by law, and the complaint alleged that Trunkline paid the plaintiffs less than the maximum allowed by the applicable rule of the federal regulatory commission. The plaintiffs have cited no authority for the proposition that the commission's approval of the contract rate as "just and reasonable" implied that any misapplication of the pricing provision in the contract would result in a rate that was *not* "just and reasonable" under section 4(a). As we pointed out in our original opinion, both parties have acknowledged, as they must, that they would have been free under federal law to agree on a price that was lower than the maximum lawful price. There is simply no reason to indulge the fiction that the complaint in this case contained some implicit allegation about a "violation" of section 4(a) of the Natural Gas Act.

## II

The plaintiffs also contend that their state contract claim by itself confers federal jurisdiction. They cite *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983), which stated: "Even though state law creates [a party's] causes of action, its case *might* still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." (emphasis added). Though the plaintiffs first suggested this in a petition for rehearing, their argument has a certain apparent plausibility, and we think it deserves to be addressed.

## A

As we suggested when citing *Franchise Tax Board* in a footnote to our original opinion, it is difficult to make any general statement about federal-question jurisdiction to which some exception could not be found. In the course of a broad review of the jurisprudence, *Franchise Tax Board* concluded that federal jurisdiction over a state-created claim *may* be present when a state-law claim "is 'really' one of federal law," or when "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." 103 S.Ct. at 2848. The Court's remarks, however, cannot be taken as more than an allusion to certain narrow exceptions to the general rule that a suit "arises under the law that creates the cause of action." *See Franchise Tax Board*, 103 S.Ct. at 2846 (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916)); *cf.* Currie, *The Federal Courts and the American Law Institute (Part II)*, 36 U.Chi.L.Rev. 268, 268 (1969) ("One difficulty with federal-question jurisdiction is that nobody knows how to define it.").

*Franchise Tax Board* gave only two examples of decisions in which federal-question jurisdiction had been invoked to vindicate a state-law right: *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), and *Hopkins v. Walker*, 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270 (1917). These two citations pose a difficult problem without suggesting any convenient solution. *Smith* is irreconcilable with *Moore v. Chesapeake & Ohio Railway*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934), which has not been overruled.[3] In both cases, the outcome de-

*Power Comm'n v. Sierra Pac. Power Co.*, 350 U.S. 348, 352–55, 76 S.Ct. 368, 371–73, 100 L.Ed. 388 (1956); *Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 247–52, 71 S.Ct. 692, 693–96, 95 L.Ed. 912 (1951). Because we find that the plaintiffs' suit was not brought under section 4(a) of the Natural Gas Act, we need not decide whether such a suit would have been "frivolous, or ... clearly foreclosed by

prior decisions of the Supreme Court." *Hilgeman v. Nat'l. Ins. Co.*, 547 F.2d 298, 300 (5th Cir.1977) (citation omitted). We also need not decide what jurisdiction the Federal Energy Regulatory Commission may have to decide issues relevant to the dispute between the parties to this case.

3. Indeed, *Moore* was reaffirmed in *Crane v. Cedar Rapids & I.C. Ry.*, 395 U.S. 164, 89 S.Ct.

pended on the construction of a federal law; in neither case did federal law provide a remedy; the *Smith* Court held that federal-question jurisdiction was present, while the *Moore* Court held that it was not.[4] *Hopkins* held that in a suit to remove a cloud from the plaintiffs' title to a mining claim for which a federal patent was alleged to have been issued to the plaintiffs' predecessors in interest, "it is plain that a controversy respecting the construction and effect of the [federal] mining laws is involved and is sufficiently real and substantial to bring the case within the jurisdiction of the [federal] District Court." 244 U.S. at 489, 37 S.Ct. at 713. However plain this may have been to the *Hopkins* Court, *Barnett v. Kunkel*, 264 U.S. 16, 44 S.Ct. 254, 68 L.Ed. 539 (1924), found an absence of federal-question jurisdiction in an apparently similar case. In *Barnett*, the plaintiff in a suit to quiet title alleged in his complaint that he could trace his chain of title through a Creek Indian woman to whom the land had been allotted by federal law with the approval of the United States Secretary of the Interior; the defendant answered that this Creek Indian had violated federal law when she conveyed title to the land. The *Barnett* Court cited *Florida Central & Peninsular Railroad Co. v. Bell*, 176 U.S. 321, 328–29, 20 S.Ct. 399, 402, 44 L.Ed. 486 (1900), for the proposition that "the mere assertion of a title to land derived to the plaintiffs, under and by virtue of a patent granted by the United States, presents no question which, of itself, confers [federal-question] jurisdiction...." 264 U.S. at 20, 44 S.Ct. at 255. *Barnett* distinguished *Hopkins* by pointing out that that was a case in which the plaintiff alleged that a cloud had been placed upon his title by an assertion that the plaintiff's title was void under the laws

of the United States. 264 U.S. at 21, 44 S.Ct. at 255–56. Thus, it seems that there is a critical distinction between a suit to quiet title and a suit to remove a cloud from a title. Without questioning the importance of this distinction, we feel safe in concluding that *Hopkins* has been narrowly read.

### B

■ Whatever was meant by *Franchise Tax Board's* reference to a state-created claim that "is 'really' one of federal law," the Court neither held nor implied that *every* state-created cause of action that requires the resolution of a substantial federal question falls within the jurisdiction of the federal district courts.

■ In the present case, the resolution of a question of federal law will be necessary only because the parties to a private contract chose to "incorporate" a federal regulatory standard by reference. In an analogous situation—where a state law incorporates federal law as the applicable state standard—it has occasionally been suggested that this is enough to create federal-question jurisdiction. *See, e.g., Agricultural Transportation Association v. King*, 349 F.2d 873, 875–76 (5th Cir.1965). The Supreme Court has now rejected this suggestion, at least for cases in which the state claim is based on a violation of a federal statute for which Congress has declined to provide a private, federal cause of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, — U.S. —, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). However the details of the "state-incorporation" question may ultimately be resolved, we are aware of no case in which any court, let alone the Supreme Court, has held that a *private* contract can give rise to federal-

---

1706, 23 L.Ed.2d 176 (1969). The author of *Crane* also wrote the opinion in *Franchise Tax Board*, although he now seems inclined to read *Crane* narrowly. *See Merrell Dow Pharmaceutical, Inc. v. Thompson*, — U.S. —, —, at n. 1, 106 S.Ct. 3229, 3239–40, at n. 1, 92 L.Ed.2d 650 (1986) (Brennan, J., dissenting).

**4.** It is strange but true that the *Moore* opinion does not discuss the *Smith* case, even though the author of *Moore* was the attorney for the prevailing party in *Smith*. The author of *Franchise Tax Board* agrees that *Moore* and *Smith* are irreconcilable. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, — U.S. —, —, at n. 1, 106 S.Ct. 3229, 3239–40, at n. 1, 92 L.Ed.2d 650 (1986) (Brennan, J., dissenting).

question jurisdiction simply by "incorporating" some federal regulatory standard that would not have been binding on the parties by its own force. Such an expansion of the statutory jurisdiction of the federal judiciary would be an inappropriate exercise of the power of this court, even if we thought it desirable.

### III

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.