67 F.3d 311
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John ZIOMEK; Robert A. Tomei; David S. Mana; Jeffrey J.
Gotelli, Plaintiffs-Appellees,
v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellant,
and
Carolyn J. Jenkins, Defendant.
 No. 94-15360.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 15, 1995.
Decided Sept. 25, 1995.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are asked to determine ownership of nine acres of non-federal land. Before making such a determination, however, we must identify the source of federal jurisdiction over this claim.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1331, the district courts are vested with original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." A claim "arises under" federal law within the meaning of section 1331 if it is apparent from the face of the plaintiff's complaint either (1) that a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, that a federal law that creates a cause of action is a necessary element of the plaintiff's claim. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808-09 (1986).
 
 
 4
 This case does not fall within the first criteria for federal jurisdiction. John Ziomek et al. ("the Partners") did not allege in the district court that federal law created the cause of action that they have asserted. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Id. at 809 n. 6.
 
 
 5
 We are thus left to determine whether a federal law that creates a cause of action is an essential component of the Partners' state-law claim. See id. at 817. Our review of the record reveals two federal laws involved, however tangentially, in this matter: the Homestead Laws and the Raker Act. However, neither appears to satisfy the jurisdictional criteria of Merrell Dow.
 
 
 6
 Although it is true that title to the land at issue was derived originally from the federal Homestead Laws, this fact alone does not render the Homestead Laws an essential component of the Partners' claim. The Supreme Court has stated quite clearly that:
 
 
 7
 [a] suit to enforce a right which takes its origins in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.
 
 
 8
 Shulthis v. McDougal, 225 U.S. 561, 569 (1912); see id. at 570 ("[A] controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress."); see also Barnett v. Kunkel, 264 U.S. 16, 20 (1924) ("[T]he mere assertion of a title to land derived to the plaintiffs, under and by virtue of a patent granted by the United States, presents no question which, of itself, confers [federal question] jurisdiction." (quotations omitted)); Hilgeford v. Peoples Bank, 776 F.2d 176, 178 (7th Cir.1985) ("It is well settled ... that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent...."), cert. denied, 475 U.S. 1123 (1986). Here, there is no dispute regarding the construction, effect or validity of the Homestead Laws. Rather, the debate centers around whether Martinez, a homestead entryman, conveyed fee title to San Francisco in his 1916 deed.
 
 
 9
 The Raker Act comes no closer to satisfying the jurisdictional requirements of Merrell Dow. Although the parties assert that construction of the Raker Act is essential to resolve the Partners' action, the Raker Act only becomes relevant because San Francisco has invoked it in defense. It is well established, however, that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."[1] Merrell Dow, 478 U.S. at 808 (emphasis added). The fact that the Partners anticipate San Francisco's defense, and thus address the relevance of the Raker Act in their complaint, does not save their action. "[W]hether a case is one arising under [federal law] ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U.S. 74, 75-76 (1914); see also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (no federal jurisdiction where complaint presents a state-law cause of action, but also asserts that a federal defense the defendant may raise is not sufficient to defeat a claim).
 
 
 10
 The mere existence of title in one of the parties derived from a federal land patent does not of itself confer federal question jurisdiction. Nor does the Raker Act, invoked by San Francisco in its defense, confer federal "arising under" jurisdiction. Accordingly, we reverse and remand to the district court to dismiss for lack of jurisdiction.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For this reason, the cases relied upon by San Francisco in its supplemental brief are largely inapposite. See Supp.Brief at 4. In the majority of the cited cases, the Raker Act was a fundamental element of the plaintiff's complaint. See United States v. San Francisco, 310 U.S. 16 (1939) (suit by United States alleging that San Francisco had violated Sec. 6 of the Raker Act); Palo Alto v. San Francisco, 548 F.2d 1374 (9th Cir.1977) (suit by localities contending that San Francisco had violated the Raker Act in setting water rates for such localities); San Francisco v. United States, 223 F.2d 737 (9th Cir.) (suit brought by United States contending that pursuant to Sec. 9(q) of the Raker Act, San Francisco was required to repay United States for expenditures for maintenance of Yosemite Park), cert. denied, 350 U.S. 903 (1955). In a fourth case, City and County of San Francisco v. United Airlines, 616 F.2d 1063 (9th Cir.1979), cert. denied, 446 U.S. 964 (1980), the Raker Act indeed appeared to arise in the context of a defense; however, because the case contains no discussion of jurisdiction, it is impossible to determine whether the case arose under diversity jurisdiction, or whether the court concluded that Sec. 1331 jurisdiction existed. And in the final case cited, Starbuck v. San Francisco, 556 F.2d 450 (9th Cir.1977), the court concluded that there was no federal jurisdiction over the plaintiffs' action